UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NICOLE BERMUDEZ,  Case No. 20-cv-1249

    Plaintiff,

vs.

PREFERRED CREDIT CORP.

and

BADGERLAND AUTO RECOVERY, INC.,

    Defendants.

# COMPLAINT

NOW COMES Plaintiff Nicole Bermudez, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Preferred Credit Corp. and Badgerland Auto Recovery, Inc., and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*, and Wisconsin common law and statutes.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act, Wisconsin statute and common law, under 28 U.S.C. §1367, because these claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## PARTIES

8. Plaintiff Nicole Bermudez (hereinafter "Plaintiff") is a natural person who resides in Milwaukee County, Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Defendant Preferred Credit Corp. (hereinafter "Defendant Preferred Credit") is a business with a principle office at 8380 N. 76th Street, Milwaukee, WI 53223. Defendant's registered agent is John S. Amato, 8301 N. 76th Street, Milwaukee, WI 53223.

11. Defendant Preferred Credit regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

12. Defendant Preferred Credit is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

13. Defendant Badgerland Auto Recovery, Inc. (hereinafter "Defendant Badgerland") is a business with a principle office at 3343 N. 30th Street, Greenale, WI 53129. Defendant's registered agent is Sandra L. Schwebe, at the same address.

14. Defendant Badgerland regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

15. Defendant Badgerland is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

**BACKGROUND**

16. In January 2019, Plaintiff entered into a loan agreement with Defendant Preferred Credit. The loan was for less than $25,000 and primarily for family, household, and personal purposes.

17. This loan was secured against a vehicle, a 2007 Mazda, CX9 ("the vehicle").

18. In 2020, Plaintiff fell behind on her payments.

19. Defendant Badgerland was retained by Defendant Preferred Credit to repossess Plaintiff's vehicle.

20. In August 2020, Defendant Badgerland went to Plaintiff's residence to repossess Plaintiff's vehicle.

21. Plaintiff's minor daughter was in the vehicle at that time.

22. Defendant Badgerland removed and/or assisted in the removal of Plaintiff's minor daughter from the vehicle so that the repossession could be accomplished.

23. This act of interacting with Plaintiff's minor daughter was done without Plaintiff's consent or knowledge, and doing so breached the peace and broke all rules of civil decency, morality, and conduct. Defendant Badgerland's conduct was a breach of the peace.

24. Defendant Preferred Credit is liable for the acts of Defendant Badgerland and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692) BY DEFENDANT BADGERLAND ONLY

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing deliberate acts by Defendant Badgerland constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692f(6).

27. Specifically, Defendant Badgerland could not legally take the vehicle due to a breach of peace.

28. As a result of the above violation of the FDCPA, Plaintiff has suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

29. Defendant Badgerland is liable to Plaintiff for their actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

## COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT
## (WIS. STAT. § 425) – ALL DEFENDANTS

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace. (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

32. A breach of the peace occurred when the vehicle was taken through the physical removal of Plaintiff's minor daughter from the vehicle.

33. Defendant Preferred Credit is liable for the acts of Defendant Badgerland and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

34. Under Wis. Stat. § 425, Plaintiff is seeking to have the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs.

## COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT
## (WIS. STAT. 427) – ALL DEFENDANTS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The amount that Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

37. Defendants violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiff's vehicle.

38. Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

39. As a result of the illegal conduct, Plaintiff has suffered emotional distress, mental anguish, and loss of property.

40. Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

## **Trial by Jury**

41. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) as to Defendant Badgerland;
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) as to Defendant Badgerland;
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) as to Defendant Badgerland;
D. for the vehicle lien to be avoided, return of the vehicle, the return of payments already made towards the car, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 as to All Defendants;
E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427 as to all Defendants;
F. for such other and further relief as may be just and proper.

Dated this 14th day of August, 2020.

                                             s/ Nathan DeLadurantey
                                             Nathan E. DeLadurantey, 1063937
                                             DELADURANTEY LAW OFFICE, LLC
                                             330 S. Executive Dr, Suite 109
                                             Brookfield, WI 53005
                                             (414) 377-0515
                                             nathan@dela-law.com

                                             *Attorney for the Plaintiff*